UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIQIANG WEI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PETER MICHELSON, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-04761-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Pending before the Court is a motion to dismiss filed by Defendants Peter Michelson and Keith Dodgson. Dkt. No. 15. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court GRANTS Defendants' motion to dismiss.

### I.  BACKGROUND

Pro se Plaintiff Liqiang Wei, a 55-year-old Chinese man, filed suit against Defendants on August 7, 2018, alleging that the Stanford University Department of Physics and Department of Chemistry discriminated against Mr. Wei by failing to hire him as a professor, and by failing to promote him to the position of full professor. *See* Dkt. No. 1 ("Compl."), Dkt. No. 1-1 at 1–2. Mr. Wei alleges that, because of his qualifications as a "number one theoretical physicist and . . . theoretical chemist in the world," Stanford must have discriminated against him based on his age, race, and/or national origin when deciding not to hire him. *Id.* Mr. Wei alleges (1) age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 to 634; and (2) race and/or national origin discrimination in violation of 42 U.S.C § 1981. Compl. at 3.

Mr. Wei attaches to the complaint his October 16, 2017 application materials, as well as email exchanges with Defendant Michelson and others regarding the status of his application.

Dkt. No. 1-1. Mr. Wei acknowledges that he never provided any letters of recommendation in support of his application. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

Claims under the ADEA require that the plaintiff first file a charge with the Equal Employment Opportunity Commission (EEOC) before filing a civil action. 29 U.S.C.A. § 626(d)(1); 42 U.S.C.A. § 2000e-5(e)–(f); *Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007). Mr. Wei acknowledges that he has made no such filing with the EEOC, and states that he is "seeking a waiver of exhaustion for the EEOC administrative remedies" with respect to his age discrimination claim. Dkt. No. 1-1 at 2 n.1. In his opposition, Mr. Wei challenges the

constitutionality of the administrative exhaustion requirement. Dkt. No. 20 at Attachment 1.

As a threshold matter, Mr. Wei has not presented a constitutional challenge that is ripe for adjudication. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 149, 87 S. Ct. 1507, 1515, 18 L. Ed. 2d 681 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977) (holding that there must be evident "hardship to the parties of withholding court consideration" before a court addresses a discretionary issue of declaratory judgment).

Mr. Wei is therefore subject to the exhaustion requirements outlined in 29 U.S.C.A. § 626(d)(1) and has concededly failed to exhaust his administrative remedies. The Court DISMISSES Mr. Wei's ADEA claim for failure to exhaust administrative remedies. Because Mr. Wei has not provided any dated notice that his application was denied, the Court cannot conclude that the 180-day period during which Mr. Wei could file an EEOC complaint related to his October 16, 2017 application has elapsed. *See* 42 U.S.C.A. § 2000e-5(e)(1). Mr. Wei's ADEA claims are therefore DISMISSED without prejudice to a future filing after his administrative remedies have been exhausted.

### B. Race and National Origin Claim

Mr. Wei's remaining claim alleges discrimination under section 1981, which "affords a federal remedy against discrimination in private employment on the basis of race." *Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454, 460 (1975). A section 1981 complaint for employment discrimination must give "fair notice of the basis" for Plaintiff's claims. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 507 (2002). Here, Mr. Wei alleges no facts supporting his claim of discrimination based race and/or national origin. He claims only that his credentials are so unassailable that a discriminatory motive can be inferred from the fact that he was not hired. *See* Compl. at 2–3. But Mr. Wei simultaneously presents an email exchange that notes that any application submitted without letters of reference would be "considered incomplete," and acknowledges in the complaint that he never provided any such letters. *See* Dkt. No. 1-1.

The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 990 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). Mr. Wei has not

identified any factual basis for his allegation of race and national origin discrimination, and the foundation of his inference of discrimination is contradicted by the evidence presented in the complaint. Mr. Wei therefore has not presented a plausible claim for employment discrimination, and the Court **DISMISSES** Mr. Wei's section 1981 claims.

## IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Mr. Wei's ADEA claim **WITHOUT LEAVE TO AMEND**, and without prejudice. The Court **DISMISSES** Mr. Wei's section 1981 claims **WITH LEAVE TO AMEND**. Mr. Wei may file an amended complaint that identifies a plausible basis for his claim of race and national origin discrimination within 21 days of the date of this Order. If no complaint is filed within 21 days, the action will be dismissed without prejudice. The case management conference currently set for January 10, 2018 is **VACATED**.

**IT IS SO ORDERED.**

Dated: 1/2/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge